UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILFRED GUY, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6750** |
| **WARDEN ROBERT C. TANNER** | **SECTION "H"(4)** |

## ORDER AND REASONS

Before the court is a **Motion for Preliminary Injunction and Temporary Restraining Order (Rec. Doc. No. 12)** filed by the *pro se* plaintiff Wilfred Guy, Sr. ("Guy"), an inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. In the motion, Guy seeks an order to compel the state court judge and prosecuting attorneys to refrain from enforcing the twenty-five (25) year amended sentence imposed upon him and for the prison officials at RCC to honor his original twenty (20) year sentence and transfer him to another prison where he can obtain needed medical care being denied to him at RCC. There is no indication in the record that Guy served a copy of the motion on the respondent or any of the named individuals in the motion nor has the respondent replied to the motion.

Guy filed the instant federal habeas petition challenging his 1999 conviction in Orleans Parish on the charge of attempted second degree murder for which he is serving a twenty (20) year prison sentence.[1] Guy appears to allege in the petition that the state trial court erred in amending his original twenty-year (20) sentence upward to twenty-five (25) years based on misrepresentations by the State. The State has filed an opposition memorandum indicating that Guy's federal habeas petition is not timely filed.[2]

---

[1] Rec. Doc. No. 1.

[2] Rec. Doc. No. 13.

The law is well settled that issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). An injunction is to be the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). Furthermore, in the prison setting, requests for a preliminary injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances," the "federal courts are reluctant to interfere" with matters of prison administration and management, including prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

With this in mind, the Court may issue a preliminary injunction or a temporary restraining order ("TRO") in accordance with Fed. R. Civ. P. 65, which reads in relevant part as follows:

- (a) Preliminary Injunction.
- (1) Notice. The court may issue a preliminary injunction only on notice to the adverse party.
- (2) Consolidating the Hearing with the Trial on the Merits. Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.
- (b) Temporary Restraining Order.
- (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
  - (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
  - (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

As noted previously, the record does not reflect that Guy provided notice of his intent to seek the preliminary injunction or the TRO to the opposing or interested parties.  Without proper notice, Guy is not entitled to the injunction, and the Court can find no reason to call a hearing.  In this circuit, when an injunction is requested without a hearing and without notice to all parties, it is considered to be a TRO not a preliminary injunction.  *Accord Turner v. Epps*, 460 F. App'x 322, 326 (5th Cir. 2012) (recognizing that an injunction order is not construed based on the label it was given but whether it was issued after notice and hearing).

Nevertheless, the standards to obtain both a preliminary injunction and a TRO are substantively the same.  A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief."  *Hassani v. Napolitano*, No. 09-1201, 2009 WL 2044596, *1 (N.D. Tex. Jul. 15, 2009).  A party requesting a TRO must establish four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not do disservice to the public interest.  *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).  Because such relief is an extraordinary remedy, to justify entry of a TRO or preliminary injunction, the petitioner must "clearly carr[y] the burden of persuasion on all four elements."  *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005); *Bluefield Water Ass'n v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

In the instant case, Guy fails to meet this heavy burden or show a basis for injunctive relief.  Under the first prong, Guy must show a substantial likelihood of successive on the underlying claims.  He has not done so.

First, the Court notes that his incongruous reference to medical care is not a matter related to his habeas petition and would not entitle him to habeas relief.  Furthermore, Guy has no protected liberty interest in the location of his confinement even if the environment of one prison may be "much more disagreeable" to the prisoner than in another.  *See Meachum v. Fanno*, 427 U.S. 215, 225 (1976).  Further, he has no liberty interest in being housed in any particular facility because the state statute vests discretion in the state officials to carry out their official function.  *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996); *see also Yates v. Stalder*, 217 F.3d 332 (5th Cir. 2000).

Second, with regard to his habeas petition, the State has alleged that his petition should be dismissed as untimely filed.  A preliminary review of the record also reflects that Guy may not have exhausted the claims presented in this federal petition and, if he did, his post-conviction efforts have been repeatedly procedurally barred by the Louisiana courts.  Further, it appears that the claim may be factually incorrect where it appears that Guy is serving a twenty (20) year sentence after his multiple offender adjudication and sentence of twenty-five (25) years were vacated by the state appellate court in 2000.[3]  For this reason, Guy has not clearly shown that he could ultimately prevail on his claims.

Under the second prong, Guy has not provided specific facts to show that an immediate and irreparable injury, loss, or damage will result to him.  A restraining order should only be issued when "a substantial threat of harm to the movant . . . cannot be compensated by money."  *Harvey Barnett, Inc. v. Shidler*, 143 F. Supp.2d 1247, 1255 (D. Col. 2001).  Guy alleges that he should be serving a twenty (20) year sentence for his 1999 conviction.  He makes no indication that such a

---

[3] *State v. Guy*, 775 So.2d 454 (La. App. 4th Cir. 2000); Rec. Doc. No. 13.

sentence period has expired or will expire before his petition is resolved. The record contains nothing to indicate his discharge is imminent to require more immediate action by the Court or the respondent.

Instead, Guy's motion is no more than a veiled attempt to expedite the resolution of his habeas petition. This is not a proper basis for issuing an injunction. *See Guthrie v. Niak*, No. 12-CV-1761, 2013 WL 5487936, at *6 (S.D. Tex. Sep. 27, 2013) (injunction does not serve to expedite resolve of the complaint).

Considering the third prong, therefore, Guy has not shown that any threatened injury outweighs the burden a TRO would place on the respondent(s) to enforce an injunction that is not truly justified in his case. The fourth factor also carries with it a long-tradition of avoiding a disservice to the common interest. This Court's habeas powers are meant to locate constitutional infirmities in a petitioner's conviction and confinement, not to punish prison officials or state judicial officers and attorneys for doing their jobs.

For the foregoing reasons,

**IT IS ORDERED** that Guy's **Motion for Preliminary Injunction and Temporary Restraining Order (Rec. Doc. No. 12)** is **DENIED**.

New Orleans, Louisiana, this 19th day of June, 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**