UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILFRED GUY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6750** |
| **WARDEN ROBERT C. TANNER** | **SECTION "H"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.  Factual Background

The petitioner, Wilfred Guy ("Guy") is a convicted inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2] On April 21, 1998, Guy was charged by Bill of Information in Orleans Parish with the attempted second degree murder of Johnny Andrews.[3] He entered a plea of not guilty to the charge on May 13, 1998.[4]

The record reflects that, on or before March 29, 1997, Guy was renting a residence from Cassandra Andrews where he lived with a female companion and his two daughters. Mrs. Andrews

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 3, Bill of Information, 4/21/98 (as amended 3/3/99); Docket Master Entry, 4/21/98.

[4]St. Rec. Vol. 1 of 3, Minute Entry, 5/13/98.

had served Guy with an eviction notice. She spoke to Guy about the situation and Guy had not expressed any anger.

However, on March 29, 1997, Johnny Andrews was working on his truck in front of their home near the corner of First and Johnson Streets in New Orleans.[5] At some point, Guy appeared and began cursing at Andrews about a bill. Andrews was lying on the front seat of the truck when Guy arrived, and he got out and stood up to speak with Guy. Defendant was saying that Andrews and his wife did not know who they were "f---king with," and Andrews told Guy to go talk to his wife. Guy started to walk away and replied, "f--k you, b-tch" and Andrews said "man, same to you."

At that point, Guy pulled out a silver pistol from underneath his shirt and fired shots over his truck in the direction of Andrews. Andrews ran towards the house, and Guy followed him and continued to shoot at him. Andrews attempted to make it inside, but fell onto the porch when he was hit by the second shot. He tried to hang on to the door and fell into the flowerbed as Guy stood over him continuing to shoot.

A neighbor, Philip Donald, had witnessed the events unfold from his yard several houses down. He heard five shots before Andrews fell, and then at least one shot after he fell. Donald went into his house to retrieve a handgun, and as he returned, he saw Guy get into his truck and drove off.

Mrs. Andrews also heard the argument from inside their home, and went outside just in time to see Guy shooting at her husband. Andrews spent approximately six weeks in the hospital recovering from multiple bullet wounds.

---

[5]The facts were taken from the published opinion of the Louisiana Fourth Circuit Court of Appeal on direct appeal. *State v. Guy*, 775 So.2d 454, 455-57 (La. App. 4th Cir. 2000); St. Rec. Vol. 1 of 3, 4th Cir. Opinion, 99-KA-1893, pp. 1-4, 7/19/00.

Guy was tried before a jury on March 1 and 3, 1999, and was found guilty as charged.[6] On March 16, 1999, the Trial Court denied Guy's oral motion for new trial and sentenced him to serve twenty-five (25) years in prison at hard labor without benefit of parole, probation, or suspension of sentence.[7] That same day, the State filed a multiple offender bill charging Guy as a second felony offender.[8] At the hearing held on April 1, 1999, Guy entered a plea of guilty to the bill, and the Court re-sentenced him to serve twenty-five (25) years in prison as a second offender without benefit of parole, probation, or suspension of sentence.[9]

On direct appeal, Guy's appointed counsel argued that, in spite of the guilty plea, the State failed to prove the basis for Guy's charge and adjudication as a second offender.[10] Guy submitted *pro se* the following errors:[11] (1) he was denied his statutory and constitutional rights to a speedy trial; (2) the sentence was excessive; and (3) the Trial Court erred by imposing the habitual offender sentence without first vacating the original sentence.

The Louisiana Fourth Circuit affirmed the conviction and vacated the multiple offender adjudication and sentence on July 19, 2000. The Court resolved that the State had relied upon a prior conviction that could not be used in a multiple bill.[12] The Court found no merit in the remaining claims,

---

[6] St. Rec. Vol. 1 of 3, Trial Minutes, 3/1/99; Trial Minutes, 3/3/99; Trial Transcript, 3/1/99-3/3/99.

[7] St. Rec. Vol. 1 of 3, Sentencing Minutes, 3/16/99; Sentencing Transcript, 3/16/99.

[8] St. Rec. Vol. 1 of 3, Multiple Bill, 3/16/99; Sentencing Minutes, 3/16/99.

[9] St. Rec. Vol. 1 of 3, Multiple Bill Hearing Minutes, 4/1/99; Multiple Bill Hearing Transcript, 4/1/99.

[10] St. Rec. Vol. 1 of 3, Appeal Brief, 99-KA-1893, 9/25/00.

[11] *See*, *Guy*, 775 So.2d at 454; St. Rec. Vol. 1 of 3, 4th Cir. Opinion, 99-KA-1893, 7/19/00; *see also*, Original Supplemental Brief, 99-KA-1893, 12/7/99; Supplemental Brief Error #3, undated; Supplemental Brief, 99-KA-1893, undated.

[12] *Guy*, 775 So.2d at 454; St. Rec. Vol. 1 of 3, 4th Cir. Opinion, 99-KA-1893, 7/19/00.

noting that it needed not to resolve Guy's fourth *pro se* issue in light of its decision to vacate the habitual offender proceedings.

The Louisiana Fourth Circuit later refused Guy's untimely[13] request for rehearing on October 13, 2000.[14] The Louisiana Supreme Court also denied Guy's untimely[15] filed writ application without stated reasons on August 31, 2001.[16]

Shortly thereafter, on September 13, 2001, Guy appeared before the Trial Court for a renewed multiple offender adjudication.[17] The Court re-sentenced Guy as a first felony offender to serve twenty (20) years in prison with credit for time served and without benefit of parole, probation, or suspension of sentence.[18]

In an application for issuance of a writ of mandamus submitted to the Louisiana Fourth Circuit on January 4, 2002, Guy claimed that he had not received a ruling on his motion to correct his sentence which he claims to have filed in the Trial Court on October 10, 2001.[19] The Court denied the

---

[13]La. App. Rule 2-18.2 provides that, in criminal proceedings, a request for rehearing shall be filed within fourteen (14) days of the rendition of the judgment. The request was filed by Guy's counsel more than sixty (60) days after the Louisiana Fourth Circuit's ruling.

[14]*Guy*, 775 So.2d at 454; St. Rec. Vol. 1 of 3, 4th Cir. Opinion, 99-KA-1893, p. 16, 7/19/00; St. Rec. Vol. 1 of 3, Motion for Rehearing, 99-KA-1893, 9/25/00.

[15]Pursuant to La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do. On October 23, 2000, Guy submitted his request for leave to file his writ application, and the request was filed as his writ application on November 6, 2000. St. Rec. Vol. 2 of 3, La. S. Ct. Writ Application, 00-KH-3068, 11/6/00 (dated 10/23/00, postmarked 10/24/00).

[16]*State ex rel. Guy v. State*, 795 So.2d 1205 (La. 2001); St. Rec. Vol. 2 of 3, La. S. Ct. Order, 2000-KH-3068, 8/31/11; La. S. Ct. Writ Application, 11-K-1148, 6/3/11; St. Rec. Vol. 6 of 8, La. S. Ct. Letter, 2011-K-1148, 6/6/11. Brooks's Louisiana Supreme Court writ application did not include his third, procedurally defaulted claim.

[17]St. Rec. Vol. 1 of 3, Docket Master Entry, 9/13/01.

[18]*Id*.

[19]St. Rec. Vol. 3 of 3, 4th Cir. Writ Application, 2002-K-0192, 1/30/02 (dated 1/4/02).

4

application on March 19, 2002, finding no merit in the motion to correct.[20] Guy did not seek review of that ruling.

Under the broadest application of the law, Guy's conviction and sentence became final thirty (30) days later, on April 18, 2002, because he did not seek review of the circuit court's ruling in the Louisiana Supreme Court[21] and he did not otherwise appeal his re-sentencing. La. Code Crim. P. art. 914;[22] *see Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)); *see also Burton v. Stewart*, 549 U.S. 147 (2007)(citing 28 U.S.C. § 2244(d)(1)(A)) (finding that in a criminal case, judgment includes conviction and sentence, therefore the AEDPA "limitations period did not begin until both his conviction and sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review'").

In an application for writ of mandamus dated April 12, 2004, Guy argued to the Court that he mailed an application for post-conviction relief to the Trial Court on July 1, 2002.[23] Although the state trial court's record does not contain a copy of this pleading, the respondent here concedes that Guy did seek post-conviction relief in the Trial Court. Attached to Guy's writ application was a copy of a Supplemental Brief dated January 13, 2004, he indicated it was filed in support of the application for

---

[20]St. Rec. Vol. 3 of 3, 4th Cir. Order, 2002-K-0192, 3/19/02.

[21]Pursuant to La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's ruling on the writ application to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do.

[22]Failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of the period for filing a motion for appeal. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). La. Code Crim. P. art. 914 requires a criminal defendant move for leave to appeal within thirty (30) days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence.

[23]St. Rec. Vol. 3 of 3, 4th Cir. Writ Application, 2004-K-0666, 4/20/04 (dated 4/12/04); Inmate's Request for Legal/Indigent Mail, 7/1/02; Status Request, 3/10/04.

post-conviction relief. In that brief, Guy argued that his counsel provided ineffective assistance when he denied Guy the right to testify at trial.[24]

The Court denied the application on June 2, 2004, finding that Guy had not demonstrated that he was entitled to relief on the supplemental claim and had failed to provide a copy of the original application for post-conviction relief for the Court to review.[25]

On November 4, 2004, Guy filed another application for writ of mandamus with the Louisiana Fourth Circuit urging this time that he submitted his original application for post-conviction relief to the Trial Court on August 19, 2002, (not July 1, 2002)[26] to which the State responded by filing a motion to dismiss.[27] He argued that he attempted to file the Supplemental Brief dated January 13, 2004, and he has not received a copy of a judgment or any resolution to his application from the Trial Court. He also provided the Court with another copy of the Supplemental Brief and a copy of the original Memorandum in Support of the application for post-conviction relief, in which he raised the following grounds for relief: (1) the evidence was insufficient to support the verdict and instead proved only manslaughter; (2) counsel did not raise the issue of the insufficiency of the evidence at trial or on appeal; (3) trial counsel failed to file a motion for post-verdict judgment of acquittal or a motion in arrest of judgment; (4) counsel failed to investigate; (5) counsel did not seek review of the denial of the motion to recuse the judge; (6) counsel failed to retain a forensic expert; (7) counsel failed to seek a

---

[24]St. Rec. Vol. 3 of 3, Supplemental Brief, dated 1/30/04.

[25]St. Rec. Vol. 3 of 3, 4th Cir. Order, 2004-K-0666, 6/2/04.

[26]The July 1, 2002, mailing was apparently a request for copies sent to the Trial Court, a copy of which is attached to the writ application, *see* fn. 27.

[27]St. Rec. Vol. 3 of 3, 4th Cir. Writ Application, 2004-K-1901, 11/4/04; State's Motion for Dismissal, 10/2/04; Inmate Withdrawal Request, 8/19/02.

continuance; and (8) trial and appellate counsel failed to challenge the court's jurisdiction under a defective indictment.

The Louisiana Fourth Circuit denied the application on December 16, 2004, finding no merit in the claims raised in the original application for post-conviction relief and finding the claims in the Supplemental Brief repetitive of those addressed in Guy's prior writ application.[28]

The Louisiana Supreme Court denied Guy's subsequent writ application on December 16, 2005, as seeking untimely post-conviction relief under La. Code Crim. Proc. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995).[29] The Court also denied Guy's Application for Rehearing without stated reasons on April 28, 2006.[30]

## II.   **Federal Habeas Petition**

On January 2, 2014, the Clerk of this Court filed Guy's petition for federal habeas corpus relief in which he claims that on March 16, 1999, he was deprived of his legal right to a determinative sentence of twenty (20) years, because of the deliberate misrepresentations by the prosecutor that the minimum sentence for attempted second degree murder was twenty-five (25) years.[31]

The State filed an answer in response to Guy's petition arguing that the petition was not timely filed and that Guy has not presented a basis to forgive his untimely filing under federal law.[32]

---

[28] St. Rec. Vol. 3 of 3, 4th Cir. Order, 2004-K-1901, 12/16/04.

[29] *State ex rel. Guy v. State*, 917 So.2d 1096 (La. 2005); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2005-KH-0322, 12/16/05; La. S. Ct. Writ Application, 05-KH-322, 2/2/05 (dated 1/11/05, postmarked 1/12/05).

[30] *State ex rel. Guy v. State*, 927 So.2d 276 (La. 2006); St. Rec. Vol. 3 of 3, 2005-KH-0322, 4/28/02; Application for Rehearing, 05-KH-322, 4/6/06 (postmarked 1/6/06).

[31] Rec. Doc. No. 1.

[32] Rec. Doc. No. 16.

7

## III.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[33] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on November 25, 2013.[34] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State does not address exhaustion or procedural default and instead contends that Guy's federal petition was not timely filed. The Court notes that there is no indication in the record that Guy raised this sentencing issue in the Louisiana Supreme Court following his 2001 re-sentencing as required under the exhaustion doctrine. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982) and *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)) (stating that the well-established test for exhaustion requires that the substance of the federal

---

[33]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505, n.11 (5th Cir. 1992).

[34]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of Court filed Guy's federal habeas petition on January 2, 2014, when pauper status was granted. Guy dated his signature on the petition on November 25, 2013, although he apparently mistakenly wrote "2003" as the year. To verify the error, the petition references events occurring in Guy's other federal civil rights suits on September 27, 2013 and October 29, 2013. The Court further notes that the pauper application submitted with the form petition also included reference to his receipt of cash from his niece on November 18, 2013. Therefore, November 25, 2013, is the date latest appearing in the record on which he could have delivered his pleadings to prison officials for mailing to a federal court.

8

habeas claim be fairly presented to the highest state court); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Guy actually concedes his failure to exhaust in his federal petition.[35]

This failure to exhaust notwithstanding, the record confirms that Guy's federal petition is not timely filed. Guy did not address timeliness in his petition nor did he respond to the State's answer in opposition. Guy's petition is not timely filed and can be dismissed for that reason.

**IV.    Statute of Limitations**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[36] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). As calculated above, Guy's conviction was final on April 18, 2002, thirty (30) days after the Louisiana Fourth Circuit denied his writ application following his re-sentencing. Under § 2244, Guy had one year from that date, or until April 18, 2003, to file a timely federal application for habeas corpus relief which he did not do. Thus, literal application of the statute would bar Guy's § 2254 petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

---

[35]Rec. Doc. No. 1, p. 9.

[36]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

### A. Statutory Tolling

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'"); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by*

*Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, the AEDPA filing period began to run on April 19, 2002, the day after Guy's conviction became final. The one-year filing period ran uninterrupted for 122 days, until August 19, 2002,[37] when Guy presented his application for post-conviction relief to prison officials to mail to the state trial court. Affording Guy every benefit, his application for post-conviction review is considered to have remained pending until April 28, 2006, when the Louisiana Supreme Court denied his request for rehearing related to the denial of relief on his post-conviction claims.

The AEDPA filing period began to run again the following day, on April 29, 2006, and did so for the remaining 243 days, until December 27, 2006, when it expired. Guy had no properly filed state

---

[37]As noted previously, Guy conceded this mailing date in his November 4, 2004 writ application to the Louisiana Fourth Circuit where he attached a copy of the July 1, 2002, request for production of documents. That request for production of documents does not constitute a state application for post-conviction relief or other collateral review for tolling purposes. *Mack v. Fault*, No. 12-1303, 2013 WL 410444, at *1 (10th Cir. Feb. 4, 2013) (finding that the request for transcript is not an application for post-conviction or other collateral review); *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *1 (10th Cir. Apr.12, 1999) (Table, Text in Westlaw) (finding that motion for transcript copies is not "other collateral review" for tolling purposes and did not act as a state impediment to warrant equitable tolling); *Johnson v. Randle*, 28 F. App'x 341, 343 (6th Cir. 2001) (finding that motion for production of documents and free copies did not toll the AEDPA filing period); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000) (Berrigan, J.), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Irving v. 21st Dist. Ct.*, No. 09-2777, 2009 WL 2883034, at *6 (E.D. La.) (Africk, J.) (Order adopting Report and Recommendation); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541, at *2 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (finding petitioner should file post-conviction application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (finding delay in receipt of transcript not required to file the application does not warrant equitable tolling); *see also*, *Gonzales v. Wilkinson*, 269 F. App'x 481, 485-86 (5th Cir. 2008) (declining to apply statutory or equitable tolling for period during which petitioner awaited copy of plea transcript where underlying motion to reconsider sentence was not properly filed).

application for post-conviction or other collateral review of this conviction and sentence pending during that time.

In fact, the state court record contains no other filings by Guy until December 19, 2008, when the Trial Court received his motion to reconsider his sentence.[38] Guy claims to have submitted this document for filing on December 8, 2008.[39] The Trial Court apparently issued its ruling denying the motion on January 29, 2009.[40] Guy concedes in his federal petition that he did not seek review of the Trial Court ruling.[41] Nevertheless, nothing he filed after expiration of the AEDPA one-year filing period provides any tolling benefit under the statute. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Furthermore, the record reflects that, after that filing, Guy allowed over four and one-half years to pass before submitting his federal petition for filing in November of 2013.

For these reasons, Guy's federal petition deemed filed on November 25, 2013, was not timely filed under the AEDPA.

### B. No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted <u>only</u>

---

[38]St. Rec. Vol. 1 of 3, Docket Master Entry, 12/19/08.

[39]Rec. Doc. No. 1, p. 7.

[40]St. Rec. Vol. 1 of 3, Docket Master Entry, 1/29/09.

[41]Rec. Doc. No. 1, pp. 7-8.

12

in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Guy has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling under the § 2244(d) computation. The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling. The record instead reflects that Guy was not diligent in pursuing his federal habeas review in a timely manner. There simply is no basis for equitable tolling in this record.

### C. Actual Innocence Exception

The State also urges that there is no basis for this Court to recognize an actual innocence exception to the AEDPA statute of limitations. This exception was in no way raised by Guy nor is a basis therefore evident from the record. Nevertheless, because it was raised by the State, the Court will address it.

In *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924 (2013), the United States Supreme Court held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *Id*. at 1928. In recognizing the stringent standards of this exception to § 2244(d), the Supreme Court held that "[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id*. at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In this case, Guy has not offered or suggested there to be any new evidence of his factual innocence, much less any evidence that would undermine the verdict reached by the jury in his case or that would lead a court to conclude that a reasonable jury would question his guilt. *Accord*, *Golmon v. Director, TDJC-CID*, No. 13CV325, 2013 WL 3724838, at *1 (E.D. Tex. Jul. 15, 2013). The record falls far short of meeting this threshold level of proof required to invoke an actual innocence or

miscarriage of justice exception to the AEDPA's statute of limitation. *See Golmon*, 2013 WL 3724838 at *1 (petitioner's failure to present any evidence of innocence was insufficient to invoke exception); *Sullivan v. Walker*, No. 12-CV-833, 2013 WL 2465366, at *3 (N. D. Tex. Jun. 14, 2013) (same).

For all of the foregoing reasons, Guy's federal petition is deemed filed in this Court on November 25, 2013, which was almost seven (7) years after the AEDPA filing period expired on December 27, 2006. His petition should be dismissed as time-barred.

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Wilfred Guy's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[42]

New Orleans, Louisiana, this 11th day of September, 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[42]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

15